# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| THOMAS FENSKE,<br>Plaintiff, | Case No. 1:17-cv-522 |
| vs | Dlott, J.<br>Litkovitz, M.J. |
| EVOLVE BANK & TRUST,<br>Defendant. | **REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at FCI Ashland in Ashland, Kentucky, brings this action against defendant Evolve Bank & Trust. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at

327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against defendant Evolve Bank & Trust, following a foreclosure action in the Hamilton County, Ohio Court of Common Pleas. In the complaint, plaintiff indicates that he purchased a property in Cincinnati, Ohio in August of 2007. (Doc. 1-1, Complaint at PageID 15). Plaintiff further indicates that he refinanced with defendant on October 14, 2010, and that defendant subsequently initiated foreclosure proceedings against him on August 16, 2012. Based on the Hamilton County Clerk of Court online docket sheet, it appears that judgment was entered in favor of defendant on February 28, 2013, and defendant subsequently purchased the property at a Sheriff's sale.[1]

In this action, plaintiff contests the state court ruling and seeks to reverse the foreclosure judgment on several bases. Plaintiff first alleges that defendant made campaign donations to the judge in the state foreclosure proceedings, which he claims led the judge to find in favor of defendant. (*See id.* at PageID 12, 13, 35). He indicates that he is filing with this Court "as a precaution, due to the underhanded nature of the way in which the judges in Hamilton county seem to be working against Fenske and his ilk" and "to show that there may be additional issues that deal specifically with the decision making process by the judge" in the foreclosure proceeding. (*Id.* at PageID 38). According to plaintiff, "the Ohio decision is incorrect and it is based upon the

---

[1] Found at www.courtclerk.org under Case No. A 1206539.

financial gains of Judge Lisa Allen in her campaign." (*Id.* at PageID 42).

Plaintiff further alleges that defendant did not have standing to initiate the foreclosure action in the first place, claiming that defendant failed to "show that it is the holder of the note and the mortgage at the time the complaint was filed." (*Id.* at PageID 14). Plaintiff also brings claims of breach of contract, bad faith, breach of fiduciary duty, violation of the Fair Credit Reporting Act, fraudulent conversion, illegal conversion, and "violation of Ohio foreclosure laws and federal foreclosure laws which show and allow diversity jurisdiction," in connection with the execution of the mortgage and the foreclosure proceedings. (*See id.* at PageID 24, 27–34).

For relief, plaintiff "wishes to gain the assistance of this Honorable Court to assure that there is justice done in this case." (*Id.* at PageID 42). Plaintiff requests "that the judgment within the Hamilton county court house by Judge Lisa Allen be reversed, the case dismissed, and proper damages be awarded to Fenske which include actual damages (dwelling), delay damages, compensatory damages, punitive damages and any other damages that this Honorable Court deems just and proper." (*Id.* at PageID 26).

Plaintiff has also filed an "Emergency Motion for Emergency Order to Rescind Eviction Notice from County Sheriff's Department Pending Outcome from this Federal Case and Pending Outcome from Ohio Supreme Court Filing (Writ of Certiorari)." (Doc. 2). In that motion, plaintiff states that "[a]ny and all orders from the State Judge which are in favor of Evolve and against Fenske must be held in abeyance until such time that this case has been settled in the Southern District of Ohio." (*Id.* at PageID 54). He further requests that the Court hold the eviction in abeyance pending the outcome of this case, as plaintiff "is in fear of being homeless due to the decisions of the State Judge which were based solely upon the origination of campaign

contributions for her election." (*Id.* at PageID 55).

Plaintiff's complaint is subject to dismissal at the screening stage. To the extent that plaintiff is attempting to have the court review his state court foreclosure proceedings, this federal court does not sit as a state appellate court and lacks federal jurisdiction to review the state-court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by the loser in state court complaining of injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *Exxon Mobile Corp. v. Saudia Basic Inds. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the federal plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Id.* (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

In this case, to the extent that plaintiff contends that the state court wrongly decided the foreclosure action and asks this Court to reverse the decision his claims are barred under the *Rooker-Feldman* doctrine. *See Givens v. Homecomings Financial*, 278 F. App'x 607, 609 (6th Cir. 2008) ("Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* was appropriate."). Plaintiff's claims are also barred to the extent that he claims a deprivation of procedural rights in the state court foreclosure action or that the foreclosure and related damages were injuries suffered as a result of defendant's participation in the foreclosure process. *See O'Neal v. Nationstar Mortgage*, No. 1:07-cv-505,

2008 WL 3007834, at *4–5 (S.D. Ohio Aug. 1, 2008) (citing *McCormick v. Braverman,* 451 F.3d 382, 395 (6th Cir. 2006); *Byrd v. Homecomings Financial Network,* 407 F. Supp.2d 937, 943 (N.D. Ill. 2005) (holding that *Rooker-Feldman* barred claims where the alleged injuries were the result of a judgment confirming a foreclosure); *Sinclair v. United States,* No. 5:06-CV-179, 2007 WL 1106125, at *3-4 (W.D. Mich. Apr. 5, 2007) (holding that a claim of injury resulting from an eviction went "to the heart of the state court's eviction order" and was barred under *Rooker-Feldman*)).

On the other hand, to the extent that plaintiff has raised claims with an independent source of injury separate from the state court judgment, these claims are not barred by *Rooker-Feldman*, but are subject to dismissal on grounds of *res judicata*. *See, e.g., O'Neil,* 2008 WL 3007834 at *5 (finding that claims arising from the procurement and execution of a mortgage loan—as opposed to the state foreclosure judgment itself—were not barred by *Rooker-Feldman* doctrine, but by claim preclusion). "The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley,* No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the

6

causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy,* 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 528 (6th Cir. 2006).

All four elements necessary for the application of the *res judicata* doctrine are present in this case. As noted above, defendant in this action filed a foreclosure action against plaintiff in the Hamilton County Court of Common Pleas on August 16, 2012. The court's February 28, 2013 judgment entry constituted a prior final decision on the merits by a court of competent jurisdiction. Second, the parties in the instant action were parties to the prior state court foreclosure action. Third, plaintiff should have raised his claims against defendant as compulsory counterclaims in the state court proceeding.[2] *See* Ohio R. Civ. P. 13(A).[3] Finally, plaintiff's claims all arise out of the execution of the mortgage and foreclosure action, and therefore arise out of the transaction or occurrence that was the subject matter of the previous action. Therefore, the complaint is subject to dismissal because the doctrine of *res judicata* applies to bar consideration of the complaint, which raises claims that were or should have been raised in the prior lawsuit involving the same parties.

---

[2] The undersigned notes that it does appear that plaintiff raised many of the same claims in the state court proceedings. On August 3, 2016, plaintiff filed a "verified emergency petition for temporary restraining order and/or preliminary injunction." Therein, plaintiff raised the same factual allegations against defendant as he does in this action, including that "[t]he Defendant knowingly, willingly, and wantonly acted in bad faith, and with blatant disregard of Plaintiff's property rights, Federal Law and Ohio Statutes in an attempt to perpetrate a fraud and wrongfully foreclose upon subject real property." As he does in the instant action, plaintiff alleged that defendant failed to provide "any valid proof of claim of standing to enforce the negotiable instrument," and "failed to adhere to the mandates of federal and state law which would have alerted Plaintiff to properly request Evolve Banking and Trust to produce the promissory note."

[3] Under Rule 13(A), "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's complaint be **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff's motions for a temporary restraining order (Doc. 1-3), "motion to hold any finding in State of Ohio court in abeyance pending outcome of this federal case" (Doc. 1-4), and "Emergency Motion for Emergency Order to Rescind Eviction Notice from County Sheriff's Department Pending Outcome from this Federal Case and Pending Outcome from Ohio Supreme Court Filing (Writ of Certiorari)" (Doc. 2) be **DENIED**.

Date: 10/3/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS FENSKE,
    Plaintiff,

vs

EVOLVE BANK & TRUST,
    Defendant.

Case No. 1:17-cv-522

Dlott, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within FOURTEEN (14) DAYS after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within FOURTEEN DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).